1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (St. Bar #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES, etc., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GEERTZ PRINTING CO., etc., ) <br> ) <br> Defendant. ) | NO.  C 07 4999 EMC <br><br> NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS FEES; POINTS AND AUTHORITIES IN SUPPORT THEREOF <br> [F.R.C.P. 55 (b)(2)] <br> Date:   July 9, 2008 <br> Time:   10:30 a.m. |

TO DEFENDANT:

PLEASE TAKE NOTICE that on Wednesday, July 9, 2008 at 10:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Edward M. Chen, Magistrate, Judge of the United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom C, 15th Floor, San Francisco, California, plaintiff, BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND, will and does move this Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, to enter a default judgment and award plaintiff unpaid and owing court costs and attorneys fees and the right to audit defendant's books and records.

This motion is made on the grounds that defendant has failed to appear herein after valid service, the default of defendant was entered by this Court on January 17, 2008, and there are no triable issues

of fact or disputes at law. Defendant has a contractual obligation to produce books and records for auditing by plaintiff's representatives and has failed to do so in a timely manner. This motion is based upon this Notice, the Memorandum of Points and Authorities in Support of Motion for Default Judgment, the Declarations of Michael Herman, Ronald D. Chandler and Michael J. Carroll in Support of Motion for Default Judgment filed herewith, and such further oral or documentary evidence as may be presented at any hearing held by the Court on this motion.

DATED: May 28, 2008

ERSKINE & TULLEY

By: /s/ Michael J. Carroll
Michael J. Carroll
Attorneys for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

I.
INTRODUCTION

In this ERISA collection action plaintiff, BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND, seeks an award for the right to audit defendant's books and records for the period January 1, 2001 to December 31, 2005.

Defendant, GEERTZ PRINTING CO., a California corporation, is an employer who is currently delinquent in its fringe benefit contribution obligations. Plaintiff has a contractual right to audit defendant's books and records and has filed this action to enforce that right.

II
FACTUAL BACKGROUND

Defendant has entered into a collective bargaining agreement with Graphic Communications Union District Council No. 2 which requires that health & welfare fringe benefit contributions be paid on behalf of covered employees to the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund and that defendant produce books and records for auditing by plaintiff's representatives. Exhibit 1 to the Michael Herman Declaration. This contract binds defendant to the terms and conditions of

the Trust Agreement and Amendment No. 2 of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund. See Exhibit 2 to the Herman Declaration, which provides for the right to perform an audit of defendant's records.

### III.
### SEPARATE STATEMENT OF UNDISPUTED FACTS

Every essential allegation of the complaint is proved by the affidavits submitted herewith:

| COMPLAINT PARAGRAPH | COMPLAINT ALLEGATION | PROOF OF ALLEGATION |
|---|---|---|
| 1 | Jurisdiction | Carroll Decl., 29 U.S.C. § 1132, 1145; 29 U.S.C. § 185(a) |
| 2 | Status of Plaintiff | Carroll Decl. |
| 5 | Defendant bound by contract to pay contributions and produce records for audit | Herman Decl., Exhibit 1 |
| 6,7,8,9 | Defendant has failed to produce records for audit | Chandler Decl. Exhibit 3 |
| 10 | Contract documents provide for attorneys fees | Exhibit 2 |

### IV.
### ARGUMENT

A. PLAINTIFF IS ENTITLED TO RECOVER ATTORNEYS FEES AS A MATTER OF LAW

An award of attorneys' fees is mandatory under 29 U.S.C. § 1132(g).

B. PLAINTIFF IS ENTITLED TO AUDIT DEFENDANT'S RECORDS.

The Trust Agreement, Exhibit 2, at Article IX, Section 4, pages 24-25 states:

"Audit of Employer Books and Records
    The Trustees shall have the authority, at the expense of the Trust Fund, to audit the payroll books and records of a participating employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such payroll audit may be undertaken pursuant to a routine payroll audit program, or an ad hoc program.
    Whenever a payroll is authorized, the participating employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the employer's federal, state, and local payroll tax reports, and all other documents and reports that reflect the hours and wages,

> or other compensation, of the employees or from which such can be verified.
> In the event the payroll audit discloses that the participating employer has not paid contributions as required by the underlying collective bargaining agreement, or special agreement the employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown."

Defendant has failed and refused to allow an audit as required by the collective bargaining agreement and trust documents. See the Declaration of the auditor Ronald D. Chandler.

The right to audit has been affirmed by the Supreme Court in <u>Central States Pension Fund v. Central Transport, Inc.</u>, 105 S. Ct. 2833, 6 EBC 1665 (1985).

The trust agreement, Exhibit 2, provide for attorneys fees.

## CONCLUSION

It is respectfully submitted that plaintiff is entitled to default judgment according to proof.

Dated:  May 28, 2008

                                           ERSKINE & TULLEY

                                           By: /s/ Michael J. Carroll
                                               Michael J. Carroll
                                               Attorneys for Plaintiff

PROOF OF SERVICE BY MAIL
=

1    PROOF OF SERVICE BY MAIL

2-11    I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within above entitled action; my business address is 220 Montgomery Street, Suite 303, San Francisco, California 94104. On May 28, 2008 I served the within NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES; POINTS AND AUTHORITIES IN SUPPORT THEREOF, AND DECLARATIONS OF MICHAEL HERMAN, RONALD D. CHANDLER AND MICHAEL J. CARROLL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT; PROPOSED ORDER AND DEFAULT JUDGMENT on the defendant in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States post office mail box at San Francisco, California, addressed as follows:

13-14

Geertz Printing Co.
Leonard Sullivan, Administrator
15 Apparel Way
San Francisco, CA 94124

16-17    I, DIANE ANDRADE, certify (or declare), under penalty of perjury that the foregoing is true and correct. Executed on May 28, 2008 at San Francisco, California.

19                            /s/ Diane Andrade