**United States District Court**

For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                         NORTHERN DISTRICT OF CALIFORNIA
7

8   BOARD OF TRUSTEES OF THE                    No. C-07-4999 EMC
    PRINTING SPECIALTIES AND PAPER
9   PRODUCTS JOINT EMPLOYER AND
    UNION HEALTH AND WELFARE FUND,
10
              Plaintiff,                        **ORDER DENYING PLAINTIFF'S
11                                              MOTION FOR DEFAULT JUDGMENT**
         v.
12                                              **(Docket No. 12)**
    GEERTZ PRINTING CO., INC..
13
              Defendant.
14
    _____/
15
16

17        Plaintiff is the Board of Trustees of the Printing Specialties and Paper Products Joint

18  Employer and Union Health and Welfare Fund ("Trust Fund").  The Trust Fund is an employee

19  benefit plan and multiemployer plan.  Plaintiff filed suit, on behalf of the Trust Fund, against

20  Defendant Geertz Printing Co. pursuant to the National Labor Relations Act, *see* 29 U.S.C. § 185,

21  and the Employee Retirement Income Security Act ("ERISA").  *See id.* § 1132.  After Geertz failed

22  to respond to Plaintiff's complaint, default was entered on January 17, 2008.  *See* Docket No. 9.

23  Plaintiff thereafter moved for default judgment.  Having considered Plaintiff's brief and

24  accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the

25  motion without prejudice.

26                   **I.    FACTUAL & PROCEDURAL BACKGROUND**

27        Plaintiff filed suit against Geertz on September 27, 2007.  *See* Docket No. 1.  In its

28  complaint, Plaintiff alleges that Trust Fund is an employee benefit plan and multiemployer plan

**United States District Court**

For the Northern District of California

1  within the meaning of ERISA.  *See* Compl. ¶ 2.  Plaintiff also alleges that Geertz entered into a

2  written collective bargaining agreement with a union pursuant to which it agreed to make

3  contributions to the Trust Fund and to be bound by the terms of the Trust Fund Agreement.  *See id.* ¶

4  5.

5          In support of its motion for default judgment, Plaintiff has provided evidence establishing

6  that, in or about March 2001, Geertz and the union entered into a Labor Agreement, effective as of

7  May 1, 2000, and still in full force and effect.  *See* Herman Decl. ¶ 1 & Ex. 1 (Labor Agreement §

8  2.1).  Plaintiff has also provided excerpts of the Labor Agreement which establish as follows.  First,

9  Geertz agreed to make monthly contributions to the Trust Fund for its eligible employees and,

10  further, agreed to be bound by the terms of the Trust Fund Agreement.  *See* Herman Decl., Ex. 1

11  (Labor Agreement § 35).

12          Second, trustees of the Trust Fund

13                  have the authority, at the expense of the Trust Fund, to audit the
                payroll books and records of a participating employer, either directly
14                  or through a qualified public accountant as they may deem necessary
                in the administration of the Trust Fund.  Such payroll audit may be
15                  undertaken pursuant to a routine payroll audit program, or an ad hoc
                program.

16                          Whenever a payroll audit is authorized, the participating
17                  employer involved shall make available to the Trustees, or the
                qualified public accountant designated by them, its payroll books and
18                  records.  Such books and records shall include (a) all records which
                the employer may be required to maintain under Section 209(a)(1) of
19                  the Employee Retirement Income Security Act of 1974, and (b) time
                cards, payroll journals, payroll check registers, cancelled payroll
20                  checks, copies of the employer's federal, state, and local payroll tax
                reports, and all other documents and reports that reflect the hours and
21                  wages, or other compensation, of the employees or from which such
                can be verified.

22

23  Herman Decl., Ex. 2 (Trust Fund Agreement, art. IX, § 4).

24          Third, an employer who is delinquent in the payment of a contribution shall be liable for

25  liquidated damages and the delinquent contribution shall bear interest.  *See id.* (Amendment No. 2 to

26  Trust Fund Agreement, art. IX, § 5).

27          Finally, in the event the trustees of the Trust Fund "place the account in the hands of legal

28  counsel for collection, the delinquent employer shall be liable for reasonable attorney fees and for all

**United States District Court**

For the Northern District of California

1  reasonable costs incurred in the collection process, including court fees, audit fees, etc." *Id.*

2  (Amendment No. 2 to Trust Fund Agreement, art. IX, § 6).

3       In support of its motion for default judgment, Plaintiff admits that, since the effective date of

4  the Labor Agreement, Geertz has reported and paid contributions. *See* Herman Decl. ¶ 3. Plaintiff,

5  however, initiated this lawsuit because, when an agent for Plaintiff, which performs compliance tests

6  on employers, requested access to Geertz's books and records on February 17, 2006, and October 11

7  and 12, 2006, Geertz refused to arrange for an audit.[1] *See* Chandler Decl. ¶¶ 3-4. In its complaint,

8  Plaintiff explains that the Trust Fund relies upon voluntary monthly reporting of contributions by

9  employers, and Plaintiff has deemed it necessary and advisable to examine employers' books and

10  records "from time to time to determine whether or not employers have accurately reported and paid

11  all contributions due on behalf of all employees covered by the collective bargaining agreements."

12  Compl. ¶ 6.

13       In its complaint, Plaintiff asks that the Court (1) order Geertz to submit to an audit so that

14  Plaintiff may determine the amounts owed to the Trust Fund for the period January 1, 2001, to

15  December 31, 2005; (2) render judgment in Plaintiff's favor for all contributions due and owing,

16  plus liquidated damages, interest, and reasonable attorney's fees; (3) enjoin Geertz from violating

17  the terms of the collective bargaining agreement and Trust Fund Agreement for the full period for

18  which Geertz is contractually bound to file reports and pay contributions to the Trust Fund; and (4)

19  retain jurisdiction of the case pending compliance with its orders.

20       However, in its motion for default judgment, Plaintiff limits its request for relief to (1) a

21  Court order requiring Geertz to submit to an audit for the period described above and (2) an award

22  of attorney's fees and costs.

23                    **II.    DISCUSSION**

24       As a preliminary matter, the Court must first "assess the adequacy of the service of process

25  on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal*

26  *Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2,

27  _____

28       [1] Plaintiff requested that Geertz make available its books and records for the period January 1,
2001, to December 31, 2005. *See* Compl. ¶ 8.

**United States District Court**

For the Northern District of California

1    2001).  Federal Rule of Civil Procedure 4(h)(1)(A) authorizes service upon a corporation "in the

2    manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Rule

3    4(e)(1) allows for service pursuant to the state law where the district court is located or where

4    service is made.  *See* Fed. R. Civ. P. 4(e)(1).  Under California law, substitute service on a

5    corporation is permissible pursuant to California Code of Civil Procedure § 415.20(a).  *See* Cal.

6    Code Civ. Proc. § 415.20(a).  Substitute service on a corporation consists of (1) leaving a copy of

7    the summons and complaint in the office of the person authorized to be served on behalf of the entity

8    during usual office hours, with a person apparently in charge thereof; and (2) thereafter mailing a

9    copy of the summons and complaint (prepaid by first-class mail) to the person authorized to be

10   served at the place where the copy was left.  *See id.*

11        In the instant case, the proof of service for the summons and complaint indicates that the

12   documents were served on Geertz by (1) leaving a copy of the summons and complaint in the office

13   of Steve Rogers, Geertz's agent for service,[2] during usual office hours with Leonard Sullivan, an

14   administrator and person apparently in charge of Mr. Rogers's office; and (2) thereafter mailing a

15   copy of the summons and complaint (prepaid by first-class mail) to Mr. Sullivan -- not Mr. Rogers --

16   at the place where the documents were left.  *See* Docket No. 4 (proof of service).  This service did

17   not strictly comply with § 415.20(a).  More specifically, for strict compliance with the statute, a

18   copy of the documents should have been mailed to Mr. Rogers, and not Mr. Sullivan.  The question

19   for the Court is whether Plaintiff's failure to strictly comply with § 415.20(a) renders service of

20   process inadequate.

21        In *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426 (1994), a California appellate

22   court addressed a similar issue.  In *Dill*, the specific issue for the court was whether the plaintiff had

23   adequately served the defendant-corporation pursuant to California Code of Civil Procedure §

24   415.40, which allows a summons to be served on a person outside California by sending a copy of

25   the summons and complaint to the person to be served by first-class mail, postage prepaid, requiring

---

27         [2] The Labor Agreement indicates that Mr. Rogers is Geertz's president.  *See* Herman Decl., Ex.

28   1 (Labor Agreement).  A president of a corporation is a person authorized to be served on behalf of the corporation under California Code of Civil Procedure § 416.10.  *See* Cal. Code Civ. Proc. § 416.10(b).

**United States District Court**

For the Northern District of California

1    a return receipt.  The court explained that, "in order to serve a corporate defendant by mail at an

2    address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to

3    be served on behalf of the corporation, *i.e.*, to one of the individuals specified in section 416.10."  *Id.*

4    at 1436.  The court found that, in that case, the plaintiff did not strictly comply with § 415.40

5    because he "did not mail the summons to any individual at all, but rather to the corporate defendants

6    themselves."  *Id.*  While the plaintiff could have substantially complied with the statute "if, despite

7    his failure to address the mail to one of the persons to be served on behalf of the defendants, the

8    summons was actually received by one of the persons to be served," *id.* at 1437, there was

9    insufficient evidence that the person who received the summons was one of the individuals specified

10   in § 416.10.  *See id.* at 1437-39.  "[T]he mere fact that some employee of the corporation received

11   the summons does not necessarily establish substantial compliance.  Rather, there must be evidence

12   'establishing actual delivery to the person to be served . . . .'" *Id.* at 1438-39.  The *Dill* court

13   therefore concluded that the plaintiff failed to prove that he had effected valid service.

14          In the instant case, there is no doubt that Plaintiff failed to strictly comply and, while, per

15   *Dill*, substantial compliance can render service adequate, here, there is no evidence of substantial

16   compliance -- *e.g.*, that Mr. Rogers or another person authorized to be served actually received

17   service of process.  The Court acknowledges that Plaintiff did leave a copy of the summons and

18   complaint in Mr. Rogers's office, but there is no authority of which the Court is aware that holds

19   that this, by itself, is sufficient to establish substantial compliance with § 415.20(a).  Indeed, if that

20   could be sufficient, then the mailing component of substitute service would, in essence, be rendered

21   meaningless.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    The Court therefore concludes that, in the instant case, service of process was not proper and

2    accordingly denies Plaintiff's motion for default judgment without prejudice.  Plaintiff may, if it

3    wishes, re-serve the summons and complaint in compliance with Rule 4 and thereafter, if Geertz

4    fails to appear, seek entry of default and move for default judgment a second time.

5    This order disposes of Docket No. 12.

6

7    IT IS SO ORDERED.

8

9    Dated:  July 15, 2008

10    _____

11    EDWARD M. CHEN
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

6