UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND,<br><br>Plaintiff,<br><br>v.<br><br>GEERTZ PRINTING CO., INC..<br><br>Defendant.<br>_____/ | No. C-07-4999 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 12)** |

Plaintiff is the Board of Trustees of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund ("Trust Fund"). The Trust Fund is an employee benefit plan and multiemployer plan. Plaintiff filed suit, on behalf of the Trust Fund, against Defendant Geertz Printing Co. pursuant to the National Labor Relations Act, *see* 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"). *See id.* § 1132. After Geertz failed to respond to Plaintiff's complaint, default was entered on January 17, 2008. *See* Docket No. 9. Plaintiff thereafter moved for default judgment. Having considered Plaintiff's brief and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motion without prejudice.

### I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed suit against Geertz on September 27, 2007. *See* Docket No. 1. In its complaint, Plaintiff alleges that Trust Fund is an employee benefit plan and multiemployer plan

within the meaning of ERISA.  *See* Compl. ¶ 2.  Plaintiff also alleges that Geertz entered into a written collective bargaining agreement with a union pursuant to which it agreed to make contributions to the Trust Fund and to be bound by the terms of the Trust Fund Agreement.  *See id.* ¶ 5.

In support of its motion for default judgment, Plaintiff has provided evidence establishing that, in or about March 2001, Geertz and the union entered into a Labor Agreement, effective as of May 1, 2000, and still in full force and effect.  *See* Herman Decl. ¶ 1 & Ex. 1 (Labor Agreement § 2.1).  Plaintiff has also provided excerpts of the Labor Agreement which establish as follows.  First, Geertz agreed to make monthly contributions to the Trust Fund for its eligible employees and, further, agreed to be bound by the terms of the Trust Fund Agreement.  *See* Herman Decl., Ex. 1 (Labor Agreement § 35).

Second, trustees of the Trust Fund

> have the authority, at the expense of the Trust Fund, to audit the payroll books and records of a participating employer, either directly or through a qualified public accountant as they may deem necessary in the administration of the Trust Fund.  Such payroll audit may be undertaken pursuant to a routine payroll audit program, or an ad hoc program.
>
> Whenever a payroll audit is authorized, the participating employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records.  Such books and records shall include (a) all records which the employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the employer's federal, state, and local payroll tax reports, and all other documents and reports that reflect the hours and wages, or other compensation, of the employees or from which such can be verified.

Herman Decl., Ex. 2 (Trust Fund Agreement, art. IX, § 4).

Third, an employer who is delinquent in the payment of a contribution shall be liable for liquidated damages and the delinquent contribution shall bear interest.  *See id.* (Amendment No. 2 to Trust Fund Agreement, art. IX, § 5).

Finally, in the event the trustees of the Trust Fund "place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees and for all

2

reasonable costs incurred in the collection process, including court fees, audit fees, etc." *Id.* (Amendment No. 2 to Trust Fund Agreement, art. IX, § 6).

In support of its motion for default judgment, Plaintiff admits that, since the effective date of the Labor Agreement, Geertz has reported and paid contributions. *See* Herman Decl. ¶ 3. Plaintiff, however, initiated this lawsuit because, when an agent for Plaintiff, which performs compliance tests on employers, requested access to Geertz's books and records on February 17, 2006, and October 11 and 12, 2006, Geertz refused to arrange for an audit.[1] *See* Chandler Decl. ¶¶ 3-4. In its complaint, Plaintiff explains that the Trust Fund relies upon voluntary monthly reporting of contributions by employers, and Plaintiff has deemed it necessary and advisable to examine employers' books and records "from time to time to determine whether or not employers have accurately reported and paid all contributions due on behalf of all employees covered by the collective bargaining agreements." Compl. ¶ 6.

In its complaint, Plaintiff asks that the Court (1) order Geertz to submit to an audit so that Plaintiff may determine the amounts owed to the Trust Fund for the period January 1, 2001, to December 31, 2005; (2) render judgment in Plaintiff's favor for all contributions due and owing, plus liquidated damages, interest, and reasonable attorney's fees; (3) enjoin Geertz from violating the terms of the collective bargaining agreement and Trust Fund Agreement for the full period for which Geertz is contractually bound to file reports and pay contributions to the Trust Fund; and (4) retain jurisdiction of the case pending compliance with its orders.

However, in its motion for default judgment, Plaintiff limits its request for relief to (1) a Court order requiring Geertz to submit to an audit for the period described above and (2) an award of attorney's fees and costs.

## II. DISCUSSION

As a preliminary matter, the Court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2,

---

[1] Plaintiff requested that Geertz make available its books and records for the period January 1, 2001, to December 31, 2005. *See* Compl. ¶ 8.

3

1   2001). Federal Rule of Civil Procedure 4(h)(1)(A) authorizes service upon a corporation "in the
2   manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule
3   4(e)(1) allows for service pursuant to the state law where the district court is located or where
4   service is made. *See* Fed. R. Civ. P. 4(e)(1). Under California law, substitute service on a
5   corporation is permissible pursuant to California Code of Civil Procedure § 415.20(a). *See* Cal.
6   Code Civ. Proc. § 415.20(a). Substitute service on a corporation consists of (1) leaving a copy of
7   the summons and complaint in the office of the person authorized to be served on behalf of the entity
8   during usual office hours, with a person apparently in charge thereof; and (2) thereafter mailing a
9   copy of the summons and complaint (prepaid by first-class mail) to the person authorized to be
10  served at the place where the copy was left. *See id.*

11  In the instant case, the proof of service for the summons and complaint indicates that the
12  documents were served on Geertz by (1) leaving a copy of the summons and complaint in the office
13  of Steve Rogers, Geertz's agent for service,[2] during usual office hours with Leonard Sullivan, an
14  administrator and person apparently in charge of Mr. Rogers's office; and (2) thereafter mailing a
15  copy of the summons and complaint (prepaid by first-class mail) to Mr. Sullivan -- not Mr. Rogers --
16  at the place where the documents were left. *See* Docket No. 4 (proof of service). This service did
17  not strictly comply with § 415.20(a). More specifically, for strict compliance with the statute, a
18  copy of the documents should have been mailed to Mr. Rogers, and not Mr. Sullivan. The question
19  for the Court is whether Plaintiff's failure to strictly comply with § 415.20(a) renders service of
20  process inadequate.

21  In *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426 (1994), a California appellate
22  court addressed a similar issue. In *Dill*, the specific issue for the court was whether the plaintiff had
23  adequately served the defendant-corporation pursuant to California Code of Civil Procedure §
24  415.40, which allows a summons to be served on a person outside California by sending a copy of
25  the summons and complaint to the person to be served by first-class mail, postage prepaid, requiring

---

[2] The Labor Agreement indicates that Mr. Rogers is Geertz's president. *See* Herman Decl., Ex. 1 (Labor Agreement). A president of a corporation is a person authorized to be served on behalf of the corporation under California Code of Civil Procedure § 416.10. *See* Cal. Code Civ. Proc. § 416.10(b).

4

a return receipt. The court explained that, "in order to serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to be served on behalf of the corporation, *i.e.*, to one of the individuals specified in section 416.10." *Id.* at 1436. The court found that, in that case, the plaintiff did not strictly comply with § 415.40 because he "did not mail the summons to any individual at all, but rather to the corporate defendants themselves." *Id.* While the plaintiff could have substantially complied with the statute "if, despite his failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served," *id.* at 1437, there was insufficient evidence that the person who received the summons was one of the individuals specified in § 416.10. *See id.* at 1437-39. "[T]he mere fact that some employee of the corporation received the summons does not necessarily establish substantial compliance. Rather, there must be evidence 'establishing actual delivery to the person to be served . . . .'" *Id.* at 1438-39. The *Dill* court therefore concluded that the plaintiff failed to prove that he had effected valid service.

In the instant case, there is no doubt that Plaintiff failed to strictly comply and, while, per *Dill*, substantial compliance can render service adequate, here, there is no evidence of substantial compliance -- *e.g.*, that Mr. Rogers or another person authorized to be served actually received service of process. The Court acknowledges that Plaintiff did leave a copy of the summons and complaint in Mr. Rogers's office, but there is no authority of which the Court is aware that holds that this, by itself, is sufficient to establish substantial compliance with § 415.20(a). Indeed, if that could be sufficient, then the mailing component of substitute service would, in essence, be rendered meaningless.

///
///
///
///
///
///
///

5

1  The Court therefore concludes that, in the instant case, service of process was not proper and
2  accordingly denies Plaintiff's motion for default judgment without prejudice.  Plaintiff may, if it
3  wishes, re-serve the summons and complaint in compliance with Rule 4 and thereafter, if Geertz
4  fails to appear, seek entry of default and move for default judgment a second time.
5  This order disposes of Docket No. 12.

7  IT IS SO ORDERED.

9  Dated:  July 15, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge